## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

Cantel Medical LLC,

     Plaintiff,

        -vs-

Roger Hall,

     Defendant,

Case No. 1:24CV00133

**JUDGE PAMELA A. BARKER**

**MEMORANDUM OPINION AND ORDER**

Currently pending is Plaintiff Cantel Medical LLC's Motion for Default Judgment against Defendant Roger Hall.  (Doc. No. 15.)  Defendant Hall failed to respond to the Amended Complaint that was served on him or otherwise appear in this case.  As a result, Plaintiff moved for entry of default against the Defendant Hall, which the Clerk of Court entered on June 26, 2024.  (Doc. No. 14.)  Plaintiff then filed a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b).  (Doc. No. 15.)  No response has been filed.  For the following reasons,  Plaintiff's Motion for Default Judgment against Defendant (Doc. No. 15) is GRANTED, as set forth below.

## I.  Procedural History

On January 23, 2024, Plaintiff Cantel Medical LLC ("Plaintiff" or "Cantel Medical") filed a Complaint for Declaratory Judgment in this Court against Defendant Roger Hall ("Defendant" or "Hall").  (Doc. No. 1.)  Therein, Plaintiff alleged that it is the administrator, sponsor, and fiduciary of a 401(k) Plan ("the Plan"), as those terms are defined in 29 U.S.C. §§ 1002(16)(A) & (B) and 1002(21) of the Employee Retirement Income Security Act, ("ERISA").  (*Id*. at ¶ 4.)  Plaintiff sought a declaration that it had no fiduciary duty to distribute any Plan benefits to Defendant because

Defendant had failed to provide any evidence that he is a Plan participant entitled to Plan benefits. (*Id*. at pp. 2-3.)  Plaintiff purported to attach a copy of the Plan to the Complaint as an Exhibit, but failed to do so.  *See* Doc. No. 1.

Shortly thereafter, Plaintiff filed a Return of Service executed, indicating that the summons and Complaint were served via Federal Express overnight delivery at Defendant's Florida residence on January 25, 2024.  (Doc. No. 4.)  The docket reflects that Defendant failed to file an Answer or otherwise respond to the Complaint.  Plaintiff then filed an Application for Entry of Default against Defendant pursuant to Fed. R. Civ. P. 55(a), which the Clerk of Court entered on March 27, 2024. (Doc. Nos. 7, 8.)  On that same date, Plaintiff filed a Motion for Default Judgment against Defendant pursuant to Fed. R. Civ. P. 55(b).  (Doc. No. 9.)

On May 23, 2024, the Court noted that Plaintiff had failed to attach as an Exhibit a copy of the "Plan document" that was referenced in the Complaint.  *See* Non-Doc. Order dated May 23, 2024. The Court ordered Plaintiff to file an Amended Complaint that properly attached the "Plan document" referenced in the original Complaint and to serve the Amended Compliant and attached Plan document on Defendant.  *Id.*  The Court then denied Plaintiff's Motion for Default Judgment, filed on March 27, 2024, as moot.  *Id.*

On May 29, 2024, Plaintiff filed an Amended Complaint, which was identical to the original Complaint with the exception that it attached a copy of the relevant Plan document.  (Doc. Nos. 1, 1-1.)  On June 6, 2024, Plaintiff filed a Return of Service executed, indicating that the summons and Amended Complaint (and attached Plan document) were served via Federal Express overnight delivery at Defendant's Florida residence on May 31, 2024.  (Doc. No. 12.)  Defendant failed to file an Answer or otherwise respond to the Amended Complaint.  Plaintiff then filed an Application for

Entry of Default pursuant to Fed. R. Civ. P. 55(a), which the Clerk of Court entered on June 26, 2024. (Doc. Nos. 13, 14.)

On June 26, 2024, Plaintiff filed the instant Motion for Default Judgment pursuant to Fed. R. Civ. P. 55 (b).  (Doc. No. 15.)  The Certificate of Service to Plaintiff's Motion indicates that it was served on Defendant at his Florida residence via regular mail on that same date.  (*Id.* at p. 4.) Defendant failed to respond to Plaintiff's Motion.

## II.    Factual Allegations in the Amended Complaint

The Amended Complaint contains the following factual allegations. Plaintiff is the administrator, sponsor, and fiduciary of a retirement plan, as those terms are defined in ERISA, 29 U.S.C. §§ 1002(16)(A) & (B), and 1002(21).  (Doc. No. 10 at ¶ 4.)  "The  Plan" is memorialized by a "Plan document" which is attached to the Amended Complaint as Exhibit 1 and titled "Pre-Approved Defined Contribution Plan (Profit Sharing/401(k) Plan)."  (Doc. No. 10-1.)  Defendant is a former employee of Minntech Corporation, now known as Medivators, Inc., a subsidiary of Cantel Medical LLC, which is now a subsidiary of STERIS Corporation, located in Mentor, Ohio.  (Doc. No. 10 at ¶ 7.)

On or about August 8, 2022, Defendant made a request for benefits as a plan participant.  (*Id.* at ¶ 9.)  In response, the Plan Administrator investigated Defendant's status as a plan participant in the records which it had from 2014 to the present and from 2010 to 2014 with the prior record keeper for the Plan.  (*Id.* at ¶ 10.)  Those records "did not evidence that [Defendant] Hall currently has an account under the Plan, nor do they evidence that [Defendant] Hall had an account at any time from 2010 to the present."  (*Id.*)  Plaintiff does not have records from before 2010.  (*Id.*)

3

Defendant provided Plaintiff with a copy of a notice he had received from the Social Security Administration that advised him that he might have a vested benefit in the Plan, but that notice provided no detail as to when he might have been a plan participant.  (*Id*. at ¶ 11.)  On or about June 8, 2023, and on or about July 26, 2023, Plaintiff denied Defendant's claim for benefits as a plan participant.  (*Id*. at ¶ 12.)  On or about January 22, 2024, Plaintiff sent a final denial letter to the Defendant.  (*Id*. at ¶ 13.)

Plaintiff asserts a sole claim for Declaratory Judgment, as follows:

15. Pursuant to 29 U.S.C. §§1102 and 1132 of ERISA, Plaintiff, as the administrator, the sponsor, and a fiduciary of the Plan, seeks a declaration by this Court declaring that without providing evidence that he is a plan participant, Defendant is not entitled to any benefits under the Plan that he now seeks.

16.  Pursuant to 29 U.S.C. §1132(a)(2) of ERISA, Plaintiff, as the administrator, the sponsor, and a fiduciary of the Plan, is entitled to a declaration by this Court that it has no fiduciary duty to distribute any Plan funds or benefits to the Defendant.

(*Id*. at ¶¶ 15, 16.)

### III.   Legal Standard

Following the clerk's entry of default pursuant to Rule 55(a) and the party's motion for default judgment under Rule 55(b), "'the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.'" *P&G Health & Longterm Disability Plan v. Molinary*, 2019 WL 358936 at * 1 (S.D. Ohio Jan. 29, 2019) (quoting *Morisaki v. Davenport, Allen & Malone, Inc*., 2010 WL 3341566 at *1 (E.D. Cal. Aug. 23, 2010)).  Specifically, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  *Osbeck v. Golfside Auto Sales, Inc*., 2010 WL 2572713 at *4 (E.D. Mich. June. 23, 2010).  To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages."  *Mill's Pride, L.P. v. W.D. Miller Enter*., 2010 WL 987167 at *1 (S.D.

4

Ohio Mar. 12, 2010).   Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing" regarding damages. *Vesligaj v. Peterson*, 331 Fed. Appx 351, 354-55 (6th Cir. 2009).   In the instant case, Plaintiff seeks a declaratory judgment only, and does not seek damages. Thus, the Court finds that there is no need for an evidentiary hearing.

## IV.   Analysis

Upon review of the record, the Court finds that default judgment on Plaintiff's declaratory judgment claim is warranted.   Defendant was duly served with the Summons and Amended Complaint via Federal Express on June 26, 2024 but has failed to plead or otherwise defend himself in this action.   Defendant's failure to respond to the Complaint, Amended Complaint, entry of default, or Motion for Default Judgment has made it clear that he has no intention of defending this action. The Court, therefore, accepts the well-pleaded factual allegations in the Amended Complaint against Defendant as true for the purposes of determining liability. *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016).   Nevertheless, the Court must still determine if those facts are sufficient to state a claim for relief. *Id.*

For the following reasons, the Court finds that Plaintiff's factual allegations, taken as true, are sufficient to entitle Plaintiff to a declaratory judgment that Plaintiff has no fiduciary duty under the Plan to distribute benefits to Defendant as a plan participant.

As set forth *supra*, Plaintiff alleges that it is the administrator, sponsor, and fiduciary of an ERISA Plan, and that it denied Defendant's claim to benefits as a plan participant.   (Doc. No. 10 at ¶¶ 4, 13.)   ERISA benefit determinations are reviewed *de novo* unless the plan expressly grants its administrator or fiduciary discretionary authority "to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also*

5

*Yeager v. Reliance Std. Life Ins. Co.,* 88 F.3d 376, 380 (6th Cir. 1996). If a plan grants discretionary authority, "application of the highly deferential arbitrary and capricious standard of review is appropriate[.]" *Yeager*, 88 F.3d at 380. Under the arbitrary and capricious standard of review, the determination of an administrator will be upheld if it is rational in light of the plan's provisions. *McClain v. Eaton Corp. Disability Plan*, 740 F.3d 1059, 1064 (6th Cir. 2014). In other words, a decision will be upheld "if it results from a deliberate principled reasoning process' and is supported by 'substantial evidence.'" *Id.* at 1065 (quoting *Schwalm v. Guardian Life Ins. Co. of Am.*, 626 F.3d 299, 308 (6th Cir. 2010)).

Here, Plaintiff alleges that the Plan is memorialized by the Plan document that is attached to the Amended Complaint as Exhibit 1. Article 19.01 of the Plan provides (in relevant part) as follows:

> **19.01. Powers and Responsibilities of the Administrator**. The Administrator has the full power and the full responsibility to administer the Plan in all of its details, subject, however, to the requirements of ERISA. … In addition to the powers and authorities expressly conferred upon it in the Plan, the Administrator shall have all such powers and authorities as may be necessary to carry out the provisions of the Plan, **including the discretionary power and authority to interpret and construe the provisions of the Plan**, such interpretation to be final and conclusive on all persons claiming benefits under the Plan; **to make benefit determinations**; to utilize the correction programs or systems established by the Internal Revenue Service … or the Department of Labor; **and to resolve any disputes arising under the Plan**.

(Doc. No. 10-1 at PageID# 179) (emphasis added). In light of the above, and in the absence of any argument to the contrary, the Court finds that the Plan provides Plaintiff (as the Plan Administrator) with sufficient discretionary authority to trigger the arbitrary and capricious standard of review.

Plaintiff alleges that it investigated Defendant's status as a plan participant but found no evidence that Defendant currently has an account under that Plan, or that Defendant had an account at any time from 2010 to the present. (Doc. No. 10 at ¶ 10.) Taking these allegations as true, the Court finds that it was not arbitrary or capricious for Plaintiff to determine that Defendant is not

entitled to Plan benefits as a plan participant.  The Plan provides that the Administrator is required to establish and maintain an "Account" for each "Participant," and then sets forth various circumstances in which plan "Participants" have a "Right to Benefits."  (Doc. No. 10-1 at PageID#s 150, 157-159.) Broadly stated, the Plan provides that each "Participant" has an "Account" and that it is "Participants" that are entitled to benefits under the Plan.  Here, Plaintiff alleges (and Defendant does not dispute) that Plaintiff's investigation revealed no record of an "Account" in Defendant's name at any time from 2010 to the present.  Thus, the Court finds that, under the terms of the Plan, it was not arbitrary and capricious for the Plaintiff to determine that Defendant has not been a plan "Participant" at any time from 2010 to the present.  Moreover, by failing to appear, Defendant has not contested that Plaintiff does not have a fiduciary duty to conduct any further investigation into his request for benefits.

In light of the above, the Court finds that the allegations in the Amended Complaint are sufficient to entitle Plaintiff to a declaration that (1) there is insufficient evidence to support Defendant Hall's claim that he is a Plan participant entitled to benefits under the Plan at this time; and (2) Plaintiff has fulfilled any and all fiduciary duties as the Plan administrator, sponsor, and fiduciary with respect to the request for benefits made by Defendant Hall.

## V.  Conclusion

Accordingly, and for all the foregoing reasons, Plaintiff Cantel Medical LLC's Motion for Default Judgment (Doc. No. 15) is GRANTED.  Default judgment is entered in Plaintiff's favor against Defendant Hall as follows.   The Court hereby declares that: (1) there is insufficient evidence to support Defendant Hall's claim that he is a Plan participant entitled to benefits under the Plan at

this time; and (2) Plaintiff has fulfilled any and all fiduciary duties as the Plan administrator, sponsor, and fiduciary with respect to the request for benefits made by Defendant Hall.

**IT IS SO ORDERED.**

_s/Pamela A. Barker_
PAMELA A. BARKER
Date: August 13, 2024                                     U. S. DISTRICT JUDGE

8